UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23314-Civ-COHN
        (07-20890-Cr-COHN)
MAGISTRATE JUDGE P. A. WHITE

MIGUEL MORA,                    :

       Movant,               :

v.                              :               REPORT OF
                                             MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

       Respondent.          :
_____


## Introduction

This matter is before this Court on Mora's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction  and sentence for aggravated identity theft following a guilty plea in case no. 07-20890-Cr-COHN.

The  Court  has  reviewed  Mora's  motion  (Cv-DE#1),  the government's response with multiple exhibits (Cv-DE#8), and all pertinent portions of the underlying criminal file.

Construing  Mora's  claims  liberally  as  afforded  *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), Mora appears to raise the following one claim.  He argues that the United States Supreme decision in Flores-Figueroa v. United States, ___ U.S. ___, 129 S.Ct. 1886 (2009) invalidates his conviction and sentence on Count 9 because he did not know that the credit card number he used  belonged to another person.

## Procedural History

The procedural history of the underlying criminal case reveals that Mora was charged by Indictment with several counts of access

device fraud and three counts of aggravated identity theft in violation.(Cv-DE#10:Ex.1).

On April 9, 2008, Mora entered into a negotiated written plea agreement with factual proffer, agreeing to plead guilty to one count of conspiracy to commit credit card fraud (Count 1), one count of producing, using or trafficking in counterfeit access device (Count 4), and one count of aggravated identity theft in violation of 18 U.S.C. 1028A (Count 9). (Cr-DE#53, 54).  Mora, as part of the factual proffer, admitted that the credit card that was the basis for the aggravated identity theft charge was used to make a purchase. (Cr-DE#54).  He also agreed that the credit card number belonged to an actual person identified as "C.A.". (Cr-DE#54).  As a part of the plea agreement the government agreed to dismiss the remaining two aggravated identity theft charges. (Cr-DE#54).  Mora agreed to waive his right to appeal. (Cr-DE#54).

On June 30, 2008 Mora appeared for sentencing. (Cr-DE#85). After considering the statement of the parties, the PSI, the advisory guidelines, and the statutory factors, the court sentenced Mora to thirty months on Counts 1 and 4. (Cr-DE#66).  He received an additional mandatory twenty-four months on count 9. (Cr-DE#66). The judgment of conviction was entered on the docket by the Clerk on July 1, 2008. (Cr-DE#67). No direct appeal was filed.

## Statute of Limitations

The judgment of conviction in the underlying criminal case became final at the latest on July 14, 2008, when time expired for filing a notice of appeal.[1] Thus, Mora was required to file this

---

[1]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing

motion to vacate within one year from the time the judgment became final, or no later than July 13, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed thereafter on October 26, 2009, more than one year from the time Mora's conviction became final.[2] (Cv-DE#1).

Mora contends that the motion is timely in light of his reliance upon the Supreme Court decision in Flores-Figueroa v. United States, 129 S.Ct. 1886 (2009), decided on May 4, 2009. In Flores-Figueroa, the Supreme Court construed the knowledge element of the aggravated identity theft statute, 18 U.S.C. §1028A.[3] The Court held that in order to establish a violation of §1028A, the government must show that the defendant knew that the means of identification which was used by the defendant belonged to another person. Flores-Figueroa, supra, 129 S.Ct. at 1888, 1894. In other words, mere proof that the means of identification used by a defendant [such as a social security number or resident alien card] was assigned to an actual person is in itself insufficient to establish a violation of §1028A. The Supreme Court further found that the term "knowingly" in §1028A(a)(1) applies to each of the subsequent elements of the statute as a matter of ordinary English usage. Id. at 1890-94. As such, the Supreme Court's ruling in Flores-Figueroa constituted a narrowing of the statute as

---

a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[2]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3]Section 1028A provides a mandatory term of two years in prison for a defendant who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. §1028A.

previously construed by the Eleventh Circuit's decision in <u>United States v. Hurtado</u>, 508 F.3d 603 (11th Cir. 2007). Thus, <u>Flores-Figueroa</u> applies retroactively to cases on collateral review. <u>Bousley v. United States</u>, 523 U.S. 614, 620-21 (1998). Thus, the motion having been filed within one year of the decision in <u>Flores-Figueroa</u>, the motion is timely.

<u>Discussion of Claims</u>

Mora raises the sole claim that the United States Supreme decision in <u>Flores-Figueroa</u> invalidates his conviction and sentence on Count 9 because he did not know that the credit card number he used  belonged to another person.  He argues that his plea was unintelligent because he believed that at the time of his plea that there was no requirement that the government had to prove that he knew the number belonged to another person.   He contends that it is impossible for the government to establish that he knew the credit card number he used belonged to another person.

The government responds that Mora knew the credit card he used belonged to another person.  The government argues that the facts in the record support the conviction for aggravated identity theft and that Mora cannot establish actual innocence.

When a defendant pleads guilty and does not challenge the validity of his plea and resultant sentence on appeal, subsequent challenges are procedurally defaulted in a post-conviction proceeding pursuant to §2255. <u>United States v. Frady</u>, 456 U.S. 152, 167-69 (1982). <u>See also</u> <u>Bousley v. United States</u>, 523 U.S. 614, 620; <u>Parks v. United States</u>, 832 F.2d 1244, 1245-46 (11 Cir. 1987). If the defendant has procedurally defaulted and wants to collaterally attack his conviction or sentence on the basis of a retroactive Supreme Court decision, the defendant must demonstrate

4

either 1) cause for the default and actual prejudice or 2) actual innocence. <u>Frady</u>, <u>supra</u>. <u>See also</u> <u>Bousley</u>, 523 U.S. at 622; <u>Campino v. United States</u>, 968 F.2d 187, 189-90 (2 Cir. 1992)("[A] procedural default of even a constitutional issue will bar review under Section 2255, unless the petitioner can meet the 'cause and prejudice' test").  The cause and prejudice standard requires Mora to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1992), but also that the error he alleged "worked to his actual and substantial disadvantage." <u>Frady</u>, 456 U.S. at 170. "To establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" <u>Bousley</u> 523 U.S. at 623, *quoting,* <u>Schlup v Delo</u>, 513 U.S. 298, 327-28 (1995). The Supreme Court clarified that "'actual innocence' means factual innocence, not mere legal insufficience." <u>Bousley</u>, 523 U.S. at 623. The Court concluded, "[I]f, on remand, petitioner can make that showing, he will then be entitled to have his defaulted claim of an unintelligent plea considered on its merits." <u>Id.</u> at 624.

Mora cannot establish cause for the default. "[T]he futility of presenting an objection ... cannot alone constitute cause for a failure to object at trial." <u>Engle v. Isaac</u>, 456 U.S. 107, 130 (1982). <u>See also</u> <u>Bousley</u>, 523 U.S. at 623.  In order to establish cause based on a change in law Mora must show that his claim "is so novel that its legal basis was not reasonably available to counsel." <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984).  The law may have been settled regarding the knowledge element in this circuit at the time he entered his plea. <u>See</u> <u>United States v. Hurtado</u>, 508 F.3d 603 (11th Cir. 2007). However, there were several cases either completed or pending in the federal courts addressing the knowledge

5

element for aggravated identity theft. <u>See</u> <u>Flores-Figueroa v.
United States</u>.  At least one Circuit Court had expressly held that
a defendant must know that the form of identification belonged to
another person. <u>See</u> <u>United States v. Villanueva-Sotelo</u>, 515 F.3d
1234 (C.A.D.C.2008).  Based on these pending cases addressing this
issue Mora cannot establish the novelty of the legal basis of his
claim.  As such he cannot establish cause for his failure to raise
this claim on appeal.

Having failed to establish cause for failure to raise the
claim on direct appeal, Mora can only attack his conviction and
sentence by proving that he is innocent of the offense.

Here, Mora does not meet *Bousley*'s actual innocence exception
to the *Frady* procedural bar rule.[4]  In order to establish actual
innocence Mora must demonstrate that in light of all the evidence,
it was more likely than not that no reasonable juror would have
convicted him. <u>See</u> <u>Bousley</u> 523 U.S. at 623.  Under the facts as
established in the factual proffer, Mora with his co-defendant,
successfully used a credit card number to purchase goods.  The
successful use of the credit card number established that the
credit card belonged to an actual person. The factual proffer

---

[4]It is noted that "[a]ctual innocence is not itself a substantive claim,
but rather serves only to lift the procedural bar caused by [movant's] failure
timely to file his §2255 motion." <u>See</u> <u>United States v. Montano</u>, 398 F.3d 1276,
1284 (11 Cir. 2005)(attacking conviction based on guilty plea). <u>But see</u> <u>House v.
Bell</u>, 547 U.S. 518, 555 (2006)(declining to reach issue of whether free-standing
actual innocence claim is possible where post-trial new DNA evidence in capital
case met stringent showing required by actual innocence exception to procedural
default rule); <u>Herrera v. Collins</u>, 506 U.S. 390, 417 (1993)(assuming for sake of
argument that in a capital case a showing of actual innocence after trial would
render the execution of a defendant unconstitutional, and warrant federal habeas
review if no state avenue of relief was open to him); <u>Mize v. Hall</u>, 532 F.3d
1184, 1196, 1198 (11 Cir. 2008)(petitioner sentenced to death failed post-trial
to establish actual innocence exception to procedural default doctrine and a
fortiori could not establish "a freestanding actual innocence claim (if such a
claim in fact exists).").

establishes the name of actual person to whom the credit card number was assigned.  Thus the factual proffer, to which Mora agreed, shows that he actually knew that he was using the identity of another person in making these fraudulent purchases.

In Flores-Fiqueroa, the Court pointed out that "in the classic case of identity theft, intent is generally not difficult to prove." Flores-Fiqueroa, 129 S.Ct. at 1893.  The court used as an example of a classic case the situation "where a defendant has used another person's identification information to get access to that person's bank account." Id.  In those circumstances the Court found that "the Government can prove knowledge with little difficulty." Id.

In the instant case the movant used another person's identification information to access that person's credit.  This is a classic case as described by the Supreme Court.  The fact that the movant was able to make purchases utilizing this information established that the information was that of a real person.  Even if the movant was not aware that the identification information was that of another person at the time he attempted to make a purchase, once the transaction was successfully completed the movant knew that he had used another person's identification information.  He admitted that the identification information belonged to another person in the factual proffer.  Thus the movant cannot establish that he is factually innocent, that is, he cannot establish that it is more likely than not that no reasonable juror would have convicted him had he chosen to go to trial.

Even if the movant were unaware that the identification information he used was not that of an actual person, his lack of knowledge was the result of deliberate ignorance.  The Eleventh

7

Circuit has "consistently recognized deliberate ignorance of criminal activity as the equivalent of knowledge." U.S. v. Arias, 984 F.2d 1139, 1143 (11th Cir. 1993). The Eleventh Circuit in discussing the deliberate ignorance instruction noted that "[t]he deliberate ignorance instruction is based on the alternative to the actual knowledge requirement at common law that if a party has his suspicions aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." United States v. Rivera, 944 F.2d 1563, 1570 (11th Cir. 1991). In the instant case the movant admits in his § 2255 motion that he received credit card numbers and that the numbers could in belong to a real person. The movant knowing this, chose to be deliberately ignorant of the actual source of the number, instead choosing to use the numbers. This deliberate ignorance is the equivalent of knowledge. Thus, for this additional reason, the movant cannot meet his burden of establishing actual innocence.

Conclusion

It is therefore recommended that this motion to vacate sentence be denied in its entirety.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 12th day of October, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:   Miguel Mora, <u>Pro Se</u>
      Reg. No. 79900-004
      CI McRae
      Correctional Institution
      P.O. Drawer 30
      McRae, GA  31055


      Armando Rosquete, AUSA
      United States Attorney's Office
      99 N.E. 4th Street, 7th Floor
      Miami, FL 33132